UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WINDWARD BORA LLC,

                      Plaintiff,                        **REPORT AND**
                                                                   **RECOMMENDATION**
              -against-                          **CV 18-6534 (DRH) (ARL)**

RONNIE MORI and WILLIAM CARMEN,

                      Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation with regard to the motion of the plaintiff, Windward Bora LLC ("Winward"), for a default judgment of foreclosure and sale. For the reasons set forth below, the undersigned respectfully recommends that Windward be awarded a Judgment of Foreclosure and Sale against the defendant, Ronnie Mori ("Mori"), under the supervision of a referee to be selected by Judge Hurley, reflecting the following amounts to be awarded to Windward: the principal sum of $67,518.78, interest from May 20, 2008 to April 10, 2019 in the amount of $60,704.28 and $500 for the referee's fee, for a total award of $128,723.06.

## BACKGROUND

### I. Factual Background

      The following facts are taken from the complaint and the papers submitted in support of the motion for default judgment. On March 20, 2007, Mori executed and delivered a mortgage and note to National City Bank to secure the sum of $68,200.00, on the property commonly known as 1043 Commack Road, Dix Hills, NY 11746 (the "Mortgage and Note"). Compl. ¶¶ 8-9. Copies of the Mortgage and Note are annexed to the Complaint. *Id.* Ex. B, C. The Mortgage was assigned to Dreambuilder Investments, LLC on November 2, 2009, and the Note was

transferred by the affixation of a proper allonge. *Id.* ¶ 10. The Mortgage was then assigned to Trinity Financial Services, LLC on January 28, 2015, and the Note was transferred by the affixation of a proper allonge. *Id.* ¶ 11. The Mortgage was thereafter assigned to Ventus Properties, LLC on March 3, 2015, and the Note was transferred by the affixation of a proper allonge. *Id.* ¶ 12. On November 10, 2017, the Mortgage was ultimately assigned to the plaintiff and has been sent for recording in the Suffolk County Clerk's Office. *Id.* ¶ 13. The Note was transferred by the affixation of a proper allonge. *Id.* A copy of the Assignment of Mortgage is annexed to the complaint as Exhibit "D."

Mori failed to comply with the terms and provisions of the Mortgage and the instruments secured by the Mortgage by failing to make the monthly payment due on June 20, 2008 and subsequent monthly payments. *Id.* ¶ 16. Pursuant to RPAPL ¶ 1304, on August 17, 2018, Mori was provided with a 90-day notice to cure. *Id.* ¶ 17. The notice advised that failure to correct the default by September 16, 2018 could result in the acceleration of the loan and the commencement of legal action. *Id*. Ex. E. In addition, Windward complied with the RPAPL 1306(1) registration requirements as well as all the provisions of Section 595a, Section 6-1 of the Banking Law and RPAPL Section 1304, except where it was exempt from doing so. *Id.* ¶¶ 17-8. Despite being served with the notices, Mori remains in default. *Id.* ¶ 19.

II.     **Procedural Background**

Windward commenced this action on November 16, 2018, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301 *et seq.,* seeking to foreclose on the Mortgage.[1] On March 26, 2019, the Clerk of the Court entered a certificate of default against Mori and Carmen, who was named as a necessary party defendant because he is a judgment

---

[1] A Certificate of Merit pursuant to CPLR 3012-b was filed contemporaneously with the Complaint. ECF No. 3.

creditor by virtue of a Suffolk County Court Judgment docketed on April 1, 2010 in the amount of $2,111.74 against Mori and/or property, which is subordinate to the plaintiff's Mortgage. ECF No. 10.  On April 12, 2019, Windward filed the instant motion for a default judgment of foreclosure and sale.  ECF No. 10.  That motion was referred to the undersigned on April 15, 2019.

## DISCUSSION

### I. Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).  A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v.*

3

*Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

### II.     Liability

#### A.     Claims Against Mori

Usually, "[o]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap,* CV 11–4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), Report and Recommendation *adopted by*, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014).  Here, Windward has presented the requisite documentation including the Mortgage, the Note, and the Notice of Default, to establish a prima facie case.  Mori has made no affirmative showing to overcome the plaintiff's prima facie case.  Therefore, it is respectfully recommended that a default judgment should be entered against Mori.

#### B.     Claims Against Carmen

As stated above, the complaint names Carmen as a defendant because he is alleged to have an interest in the subject property.  Compl. ¶ 4.  RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting

*N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005)). Courts in this district have found that entry of default judgment "is appropriate where the complaint alleges 'nominal liability -- i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Id.* (quoting *Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov.17, 2009)). Here, the complaint contains well-pleaded allegations of nominal liability on the part of the non-mortgagor defendants. Compl. ¶ 4. The undersigned, therefore, respectfully recommend that a default judgment be also entered against Carmen.

### III.  Damages

Windward seeks $67,518.78 in principal owed on the Note and interest at a rate of 8.25% from May 20, 2008 through April 10, 2019, amounting to $60,704.28, amounting to $128,223.06. *See* Devico Aff. ¶¶ 6-9. In support of its claim for damages, Windward has submitted the Affidavit of Yonel Devico, the sole member of Windward, which breaks down the amounts owed. *Id.* By virtue of his default, Mori has not objected to the plaintiff's calculations. After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that judgment should be entered in Windward's favor in the amount of $128,223.06., plus $500 for the referee's fee, for a total award of $128,723.06.

### OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to

the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
            December 19, 2019                                           _____/s/_____
                                                                                    ARLENE R. LINDSAY
                                                                                    United States Magistrate Judge