UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WINDWARD BORA LLC,

                      Plaintiff,                                  **REPORT AND**
                                                                             **RECOMMENDATION**
                 -against-                                   CV 18-6534 (DRH) (ARL)

RONNIE MORI and WILLIAM CARMEN,

                      Defendants.
------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

        On March 3, 2020, the defendant, Ronnie Mori ("Mori"), filed a motion, by Order to Show Cause, seeking to "cancel the default" entered in this case and to stay the foreclosure sale that was scheduled for March 4, 2020. Upon receipt of the motion, District Judge Hurley entered an Order temporarily staying the sale pending a hearing on the motion. ECF No. 21. He also set a date for submission of the plaintiff's opposition and scheduled a hearing for May 20, 2020. However, upon receipt of the plaintiff's opposition, Judge Hurley canceled the hearing and referred the motion to the undersigned for a Report and Recommendation. In that Referral Order, the parties were advised to contact the undersigned for a new hearing date. The Court has reviewed the submissions and finds that a hearing is unnecessary at this time. Rather, for the reasons set forth below, the undersigned respectfully recommends that the stay be extended through June 20, 2020, and that a traverse hearing be scheduled, upon the parties' request, for a mutually convenient date after June 20, 2020.

## BACKGROUND

        By way of background, the plaintiff, Windward Bora LLC ("Windward"), commenced this action on November 16, 2018, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), §§ 1301 *et seq.,* seeking to foreclose on the Mortgage. On March 26, 2019, the

Clerk of the Court entered a certificate of default against Mori and Carmen, who was named as a necessary party defendant because he was a judgment creditor. ECF No. 10. On April 12, 2019, Windward filed a motion for a Default Judgment of Foreclosure and Sale. ECF No. 10. Despite service of the motion, Mori failed to respond.

On April 15, 2019, the Motion for a Default Judgment was referred to the undersigned. On December 19, 2010, still having received no opposition from either defendant, the undersigned recommended that Windward be awarded a Judgment of Foreclosure and Sale against the defendant, Ronnie Mori ("Mori"), under the supervision of a referee to be selected by Judge Hurley, reflecting the following amounts to be awarded to Windward: the principal sum of $67,518.78, interest from May 20, 2008 to April 10, 2019 in the amount of $60,704.28 and $500 for the referee's fee, for a total award of $128,723.06. On January 7, 2020, Judge Hurley adopted the recommendation in full and entered the Decree of Foreclosure. ECF No. 14. The Decree designated a referee to sell the premises. *Id.*

According to Windward, the foreclosure sale was schedule for February 24, 2020. Mori claims that prior to that date he received a phone call "from a guy from a foreclosure company" who advised him of the sale. Mori asserts that until that day he was unaware of the instant action. On February 20, 2020, counsel for Windward was contacted by Mori's attorney, who, for the first time, attempted to resolve the action. Windward agreed to postpone the sale at Mori's request to March 4, 2020, in order to allow to allow the parties to discuss a post-judgment settlement. However, Mori's counsel never engaged in those settlement discussions. Instead, Mori, acting *pro se*, filed the instant Order to Show Cause, once again alleging that he was never served with the summon and complaint.

**DISCUSSION**

Read liberally, the undersigned agrees with the plaintiff that Mori's motion should be treated as a Motion to Vacate the Default Judgment pursuant to Fed. R. Civ. P. Rule 60(b). When, as here, the validity of service of process is raised in a motion to set aside a default judgment, the movant bears the burden of proof. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005).

The affidavit of service filed with the Court indicates that, on January 22, 2019, Thomas Burke ("Burke"), served Mori with a copy of the Summons, the Verified Complaint, as well as a New York Real Property Actions and Proceedings Law 1303 Notice and Certificate of Merit, by service on a person of suitable age and discretion at 1043 Commack Road, Dix Hills, NY 11746. ECF No. 8.  Burke also indicates that he mailed the above-described documents to Mori in a First Class postpaid properly addressed envelope to 1043 Commack Road, Dix Hills, NY 11746, Mori's alleged place of residence.  *Id.*

Burke also avers, in opposition to the instant motion, that he recalls the specific details about this service although it was effectuated over one year ago.  Burke Aff. ¶ 8.  He states, in this regard, that he visited the address that was provided by Windward's counsel, that being, 1043 Commack Road, at various times on six separate occasions.  *Id.* ¶ 9.  He says that on at least two occasions, there were people within the residence, but no matter how long he was at the door of the residence knocking, he received no answer.  *Id.* ¶ 10.  On January 22, 2019, at 5:25 p.m., a male individual finally opened the door and Burke asked the gentleman if he was Mori.  *Id.* ¶ 11.  The individual advised that he was not Mori but did confirm that it was his residence and he was not in the military.  *Id.* ¶¶ 12-3.  The individual advised that he resided at the

3

location. *Id.* Burke asked for his name, but he refused to divulge it. *Id.* After leaving a copy of the papers with "John Doe," Burke mailed a set by first class mail. *Id.* ¶ 14.

As Windward correctly notes, in New York, a process server's sworn affidavit of service establishes a *prima facie* case of the account of the method of service. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). "However, a defendant's sworn denial of receipt of service 'rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing.'" *US Flour Corp. v. Certified Bakery*, Inc., No. 10-CV-2522 JS WDW, 2012 WL 728227, at *3 (E.D.N.Y. Mar. 6, 2012)(citing *Old Republic Ins. Co.*, 301 F.3d at 57). In this case, Mori has submitted an affidavit averring that he has not lived at the 1043 Commack Road address since 2009. Mori Aff. ¶ 3. He also swears that that he did not know that the case was filed until January 24, 2020, notwithstanding the fact that his daughter has lived in the house with Alejandro H. Rizzo ("Rizzo") since 2016. *Id.* ¶ 8.

Mori has also submitted Rizzo's affidavit. Rizzo acknowledges that he resides at the house but claims that he does not match the description of the person served on January 22, 2019. Rizzo Aff. at ¶3. Although Winward argues that Mori has failed to supply the Court with any documentary proof that he was not at the premises at the time service was effectuated, given Mori's sworn denial of service, the undersigned finds that a traverse hearing is warranted in this case.

Nonetheless, on March 20, 2020, Governor Cuomo issued Executive Order 202.8, directing that "[t]here shall be no enforcement of . . . a foreclosure of any residential or commercial property for a period of ninety days." On May 7, 2020, Governor Cuomo also issued a subsequent Executive Order directing that "[t]here shall be no . . . enforcement of . . . a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, . . .

4

by someone that is eligible for unemployment insurance or benefits under state or federal law. . .. While the nonpayment in this case did not stem from the current healthcare crisis, enforcement of the foreclosure action is minimally stayed by virtue of the first Executive Order until June 20, 2020. Accordingly, the undersigned recommends that Mori's motion for a stay be granted through June 20, 2020. The Court further recommends, after June 20, 2020, upon a renewed motion by Mori, a traverse hearing be scheduled to address the merits of Mori's claim that he was not served.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the Mori at the address provided in his papers upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       May 14, 2020                                                     _____/s/_____
                                                                                  ARLENE R. LINDSAY
                                                                                   United States Magistrate Judge