UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
WINDWARD BORA, LLC,

                    Plaintiff,                    ORDER
                                                  18-CV-6534(JS)(ARL)
        -against-

RONNIE MORI and WILLIAM CARMEN,

                    Defendants.
-------------------------------X
APPEARANCES
For Plaintiff:          Alan H Weinreb, Esq.
                        Alan Smikun, Esq.
                        Alyssa Kapner, Esq.
                        The Margolin & Weinreb Law Group, LLP
                        165 Eileen Way, Suite 101
                        Syosset, NY 11791


For Defendant
Ronnie Mori:            Erica Tobi Yitzhak, Esq.
                        The Yitzhak Law Group
                        1 Linden Place, Suite 406
                        Great Neck, NY 11021


For Defendant
William Carmen:         No appearance.


For Proposed
Intervenor George
M. Gavalas, Esq.:       George M. Gavalas, pro se
                        2001 Marcus Avenue, Suite N125
                        Lake Success, NY 11042[1]


SEYBERT, District Judge:

          Before the Court is the motion for an order to show cause

("OTSC") by non-party George M. Gavalas, Esq., for the entry of a

temporary restraining order ("TRO") to stop the second sale of the

---

[1] The Clerk of Court is directed to edit Gavalas's address on ECF
to reflect the address utilized in this Order.

property known as 1043 Commack Road, Deer Park, New York (the "Property"). (ECF Nos. 59 & 61.) At the first sale on January 24, 2023, Gavalas tendered an $18,300 deposit; however, that transaction did not close and Plaintiff has scheduled the second sale of the Property for tomorrow, April 18, 2023.

The Court has reviewed the motion, which was prepared by Gavalas pro se but filed by Steven Tanenbaum, Esq., as well as all supporting papers, including the Emergency Affirmation (ECF No. 61-1), Affirmation In Support (ECF No. 61-2), Terms of Sale (ECF No. 61-3), and April 14, 2023 Letter (ECF No. 61-4). For the following reasons, the motion is DENIED.

First, as an initial matter, Gavalas, an attorney, is representing himself pro se and authored the documentation submitted in support of the OTSC. Notwithstanding, none of the motion papers were filed by Gavalas. Instead, they were filed by another attorney, Tannenbaum, who has not filed a notice of appearance on Gavalas's behalf. For this reason alone the Court could reject Gavalas's motion.

Second, the Court is not convinced that it has jurisdiction to provide Gavalas the relief he seeks because: (1) this case is closed; (2) Gavalas is not seeking to set aside or modify any judgments or orders entered by this Court; and (3) Gavalas's requested relief is based upon Plaintiff's purported violation of New York Real Property and Proceedings Law ("RPAPL")

§ 231 in connection with a foreclosure sale previously authorized by Judge Hurley.

Third, the Court does not find that Gavalas has standing to intervene in this closed case under Federal Rule of Civil Procedure 24(a) or 24(b). See Bass v. World Wrestling Ent., Inc., No. 99-CV-5688 (NGG), 2010 WL 1186321, at *1 (E.D.N.Y. Mar. 24, 2010) ("[P]ost-judgment intervention is 'generally disfavored because it usually creates delay and prejudice to existing parties, and undermines the orderly administration of justice.'" (quoting United States v. Yonkers Bd. of Educ., 801 F.2d 593, 596 (2d Cir. 1986))). It is also not apparent that Gavalas has a proprietary interest in the Property to warrant intervention. Although Gavalas tendered an $18,300 deposit in connection with the first foreclosure sale on January 24, 2023, that transaction did not close and Gavalas admits that he was "unable to assemble the necessary paperwork and perform due diligence." (See Affirmation in Support ¶¶ 5-6.) The Terms of Sale clearly state that the balance of the purchase price was to be paid by February 24, 2023, and it is clear from Gavalas's submissions that he did not fulfill his obligations. (See Terms of Sale ¶ 3.) The Terms of Sale also state:

> Time is of the essence with respect to the closing date. The failure of [Gavalas] to pay the balance of the purchase price will be a material default of these Terms of Sale, with no further notice being required from the

> Referee or Plaintiff's counsel, subjecting
> Purchaser to forfeiture of the deposit as
> liquidated damages and resale of the
> [Property] as specified in [Paragraph 11].

(Id.) As such, Gavalas's default under the Terms of Sale appears to extinguish any interest he has in a second sale of the Property. (Id. ¶ 11 ("If [Gavalas] fails to comply with any of the above terms, then [he] is in default and the [Property] shall be resold by the referee. . . . Plaintiff is not required to obtain a court order for the Referee to resell the premises.").)

Fourth, even if the Court were to find it has jurisdiction and that Gavalas may intervene in this case, the Court will not stop the sale on the basis of a purported RPAPL § 231 notice violation. At the latest, Gavalas was aware of the sale by Friday, April 14, 2023, at which time he submitted a letter notifying Plaintiff of his intent to seek the instant TRO. (ECF No. 59.) "A sale conducted without proper notice will be vacated only upon a showing that the lack of notice prejudiced a party's right to participate in the sale." In re Buckskin Realty Inc., No. 13-40083, 2016 WL 5360750, at *11 (Bankr. E.D.N.Y. Sept. 23, 2016) (citing In re 824 S. E. Boulevard Realty, Inc., No. 12-01028, 2012 WL 3561981, at *8 (Bankr. S.D.N.Y. Aug. 17, 2012)). Gavalas clearly has notice of the sale and has made no showing that he is being prevented from participating.

Accordingly, the Court finds that Gavalas will not suffer immediate irreparable harm, that Gavalas will not be successful on the merits, and that the balance of harms weighs against granting injunctive relief. As such, Gavalas's motion for a TRO is DENIED. The April 18, 2023 sale of the Property may proceed as scheduled.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 17, 2023
       Central Islip, New York