**GEORGE M. GAVALAS P.C.**
Attorney at Law
2001 Marcus Avenue
Suite N125
Lake Success New York 11042
Telephone (516) 746-1515  Fax (516) 746-0529

February 26, 2024

**VIA ECF**
Presiding Judge
United States District Court
Eastern District New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Windward Bora LLC v Ronnie Mori**
    **Index No. #: 18-cv-06534-DRH-ARL**

Dear Presiding Judge/ Clerk of the Court

This office represent Manhasset Sky the third party purchaser at the foreclosure sale held on or about January 18, 2024 in the above- referenced foreclosure matter. I write to request a telephonic conference with Your Honor, Plaintiff's Counsel and the Referee regarding the current roadblock by plaintiff on scheduling a closing.

Manhasset Sky LLC was the successful bidder at the foreclosure sale conducted on January 18, 2024 where the terms of sale were executed and delivered to Manhasset Sky LLC's representative.

Unfortunately, the Terms of Sale failed to contain a closing date. A copy of the front page of the Terms of Sale is attached. As you can see, for some reason the closing date was omitted. The entire document which is completely intact is in my possession. The following day your office sent a time is of the essence letter setting a Time of the Essence date closing for February 19, 2023 which was a Federal Holiday.

Clearly, the time is of the essence letter was fatally defective. Regardless, my office contacted plaintiff counsel office the following day on February 20, 2024 to schedule the closing. My office discussed closing either Thursday February 22, 2024 or Friday February 23, 2024 wherein plaintiff's counsel indicated that they would see which date was best. Plaintiff counsel later responded that their client is electing to declare a default despite the defective time is of the essence date.

At this time my client simply desires to close as soon as possible. Plaintiff's attempt to declare a default is disingenuous as plaintiff has full accountability of setting a defective time is of the essence date as well as delivering a terms of sale with no closing date specified. My client is willing to overlook all these defects and close immediately and seeks court intervention. I presented a good faith resolution letter to plaintiff's counsel and the referee but as of this letter there has been no response.

Thank you for your assistance in this matter.

Very truly yours,

*George M. Gavalas*

**GEORGE M GAVALAS, ESQ.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x   INDEX NO.: 18-cv-06534-DRH-ARL
WINDWARD BORA LLC,
                            Plaintiff,   **TERMS OF SALE**

          -against-

                                               **Premises:**
                                               **1043 Commack Road,**
                                               **Dix Hills, NY 11746**

RONNIE MORI and WILLIAM CARMEN,
                            Defendants.
---------------------------------------------------------------x

      The real property located at **1043 Commack Road, Dix Hills, New York 11746** (" the premises") will be sold under the direction of Kathryn C. Cole, Esq., the Referee, pursuant to the Judgment of Foreclosure and Sale and the following terms:

      FIRST: The highest bidder ("Purchaser") acknowledges that these Terms of Sale are a binding contract and that Purchaser has read these terms and consents to each and every one, as indicated by Purchaser's signature on the Memorandum of Sale. Purchaser will, at the time and place of sale, sign the memorandum of sale annexed to the end of these Terms of Sale, unless Plaintiff is the Purchaser in which case a signature is not required.

      SECOND: Purchaser shall pay a ten percent (10%) deposit of the amount of the highest bid ("purchase price") in certified or bank check payable to the Referee at the time and place of sale, for which a receipt will be given. **No cash will be accepted.** Full credit will be given for any amount in excess of ten percent (10%). If Plaintiff is the Purchaser, the Referee shall not collect the ten percent (10%) deposit.

      THIRD: The Referee shall accept a written bid from Plaintiff or Plaintiffs attorney or agent as if Plaintiff appeared in person.

      FOURTH: The balance of the purchase price must be paid to the Referee at the Plaintiff's attorneys office located at 165 Eileen Way – Suite 101, Syosset, New York 11791 or at the location chosen by the Referee, on or before _____, 2024 (30 days from the date hereof), when the Referee's Deed will be ready. If Plaintiff is the Purchaser, the Referee shall not collect the purchase price.

      Time is of the essence with respect to the closing date. The failure of Purchaser to pay the balance of the purchase price will be a material default of these Terms of Sale, with no further notice being required from the Referee or Plaintiff's counsel, subjecting Purchaser to forfeiture of